# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| IN RE: Russell Guethle ) | Case No. |
| ) | |
| Plaintiff ) | COMPLAINT |
| ) | |
| ) | **Judge:** |
| ) | |
| ) | **Magistrate:** |
| v. ) | July Demand Requested |
| ) | |
| NewRez ) | |
| 1100 Virginia Drive, Suite 110 ) | |
| Fort Washington, PA 19034 ) | |
| ) | |
| Defendant ) | |

Now comes Plaintiff, by and through his attorneys, and, for his Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, Russell Guethle, brings this action to secure redress from unlawful collection practices engaged in by Defendant, NewRez. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits any false, misleading or deceptive threats in connection with the collection of a debt 15 U.S.C. Section 1692e

3. A Debt Collector who violates the Automatic Stay (11 U.S.C. Section 362), by trying to collect on a debt in an active Bankruptcy, also violates the FDCPA under 15 U.S.C. Section 1692e and 1692f. *Randolph v. Imbs, Inc.*, 368 F.3d 726, (7th Cir. 2004)

4. A Debt Collector violates the FDCPA under 15 U.S.C. Section 1692c(a)(2) if it contacts a Consumer directly despite actual knowledge that the Consumer has an Attorney for the particular matter.

5. The Seventh Circuit Court of Appeals has stated that a communication which induces (or attempts to induce) a consumer to contact Defendant about avoiding foreclosure is an attempt to collect a debt. *Gburek v. Litton Loan Servicing, LLP*, 614 F. 3d 380 (7th Cir. 2010).

## JURISDICTION AND VENUE

6. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).
7. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

8. Plaintiff, Russell Guethle (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").
9. Plaintiff is a resident of the State of Illinois.
10. Defendant, NewRez ("Defendant"), is a Pennsylvania business entity with an address of 1100 Virginia Drive, Suite 110, Fort Washington, PA 19034, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).
11. Unless otherwise stated herein, the term "Defendant" shall refer to NewRez.
12. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## STANDING

13. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

14. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.
15. By contacting the Plaintiff, through email, even though it was aware the Plaintiff had an Attorney for this matter, it created a nuisance and invaded Plaintiff's privacy.
16. By refusing to abide by the Automatic Stay under 11 U.S.C. Section 362, it put Plaintiff in a risk of harm with Plaintiff believing that she would be subject to continued collection activities despite the Bankruptcy relief.

## ALLEGATIONS

17. The Plaintiff allegedly incurred a financial obligation for his mortgage on his primary residence (the "Debt") to an original creditor (the "Creditor")
18. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.
19. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
20. On April 30, 2021, Plaintiff filed for Chapter 7 Bankruptcy. See Exhibit A.
21. The Original Creditor was listed on the Petition and was given proper notice. See Exhibit A.
22. The Defendant was quite aware of the Bankruptcy filing as the collection letter to Plaintiff acknowledges the Bankruptcy. See Exhibit B.
23. Said letter opens with the Caption "IMPORTANT NOTICE." See Exhibit B.
24. Said letter goes on to state "[W]e want to help you stay in your home and avoid foreclosure in the future. The mortgage payment

forbearance plan was previously provided for your account has ended and we need to hear from you." See Exhibit B.

25. This letter was written and sent to Plaintiff, while Plaintiff was in Bankruptcy and protected by the Automatic Stay under 11 U.S.C. Section 362.

26. The letter is telling the Plaintiff that it must contact Defendant in order to avoid Foreclosure. See Exhibit B.

27. As noted above, Defendant sought to collect on a debt covered by the Bankruptcy Automatic Stay, while it had actual knowledge that Plaintiff was in Bankruptcy and represented by an Attorney.

**VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.**

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The Defendants' conduct violated 15 U.S.C. Section 1692e in that the Defendant materially misled Plaintiff through this communication regarding the legal status of this debt.

30. The Defendant's conduct violated 15 U.S.C. Section 1692e by collecting on a debt even though Plaintiff was protected by the Bankruptcy Automatic Stay under 11 U.S.C. Section 362.

31. The Defendant's conduct violated 15 U.S.C. Section 1692c(a)(2) by contacting Plaintiff directly even though it was well aware that Plaintiff had an Attorney for this matter.

32. Plaintiff is entitled to damages as a result of Defendant's violations.

**JURY DEMAND**

33. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

34. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

    (1) Statutory damages;

(2) Attorney fees, litigation expenses and costs of suit; and

(3) Such other and further relief as the Court deems proper.

                      Respectfully submitted,
/s/ John Carlin
   John P. Carlin #6277222
   Suburban Legal Group, LLP
   1305 Remington Rd., Ste. C
   Schaumburg, IL 60173
   jcarlin@suburbanlegalgroup.com
   Attorney for Plaintiff